## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cr-60034-BB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH ANDERS,

      Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court upon Defendant Kenneth Ander's Motion for Compassionate Release, ECF No. [47] ("Motion"). The Government filed a Response in Opposition, ECF No. [49] ("Response"). The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.   BACKGROUND

In February 2015, Defendant was indicted on three counts: access device fraud in violation of 18 U.S.C. § 1029(a)(2) (Count I) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts II and III). ECF No. [1]. In May 2015, Defendant pleaded guilty to Counts I and II, *see* ECF Nos. [19], [21], [22], and he was later sentenced to 102 months' imprisonment (78 month as to Count I and 24 months as to Count II, to be served consecutively) followed by 3 years' supervised release. *See* ECF No. [44].

On May 8, 2020, Defendant filed the instant Motion requesting compassionate release due to the current coronavirus ("COVID-19") pandemic and the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). ECF No. [47]. Specifically, he represents that he suffers from heart disease, diabetes, severe sleep apnea, hypertension, cellulitis in his legs, a history of deep vein thrombosis, blood clots, neuropathy, glaucoma in his eyes, he is in a wheelchair, weighs 400 pounds, was hospitalized for three months in the summer of 2017 and was in a coma for seven days. *Id.* He states that he has served 66 months of his sentence and that he has been approved for release by the Health Service Administrator. *Id.* He is currently housed at FCI Forrest City Medium. The Government opposes Defendant's request for compassionate release. *See* ECF No. [49].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 1,842,000 confirmed cases and over 107,000 reported deaths as of June 4, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated June 4, 2020).

confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II.   DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

In his Motion, Defendant requests that the Court grant him compassionate release. Section 3582(c)(1)(A) provides:

(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction . . . .

    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent

they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a

reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The

Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a

danger to the safety of any other person or to the community." *Id.*

> Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal
> defendant's entitlement to a sentencing reduction. *First*, when the defendant brings
> the motion himself, the Court must ascertain whether he "has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or [whether there has been a] lapse of 30 days from the
> receipt of such a request by the warden of the defendant's facility, whichever is
> earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors
> set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the
> Court should turn to the "extraordinary and compelling reasons" test, as outlined in
> U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the
> defendant poses a "danger to the safety of any other person or to the community,
> as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find

that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant

§ 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate

release in this case; and (4) determine that Defendant is not a danger to the community. Moreover,

Defendant bears the burden of establishing that compassionate release is warranted. *See United

States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the

§ 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to

determine whether a sentence reduction is warranted").

The Government opposes, arguing that while Defendant has exhausted his administrative remedies and "appears to have established extraordinary and compelling reason" for release based upon his Type 2 diabetes diagnosis, compassionate release is not warranted based on the 3553(a) factors. ECF No. [49]. Because the Government does not challenge the first two inquiries in the section 3582 analysis, the Court finds that those steps are satisfied for purposes of seeking relief. Nonetheless, Defendant has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that he is not a danger to the community.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 102 months was appropriate in this case in light of these § 3553(a) considerations. *See* ECF No. [38] at 14-21. To date, Defendant has served more than half of that sentence. Aside from his stated medical conditions, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago.").

Additionally, the Court must evaluate whether Defendant is a danger to the safety of others or the community under 18 U.S.C. § 3142(g). In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C § 3142(g). Defendant pled guilty to access device fraud and aggravated identity theft. ECF No. [22]. As noted by the Court during his sentencing hearing, Defendant has a 30-year criminal history including "19 offenses since the age of 17 involving fraud or some type of violence." ECF No. [38] at 14, 17. The instant criminal conduct involved "41 separate individuals who were affected, 29 businesses" and it was "deep criminal conduct that was protracted." *Id.* at 14-15. The Court found the evidence to be "overwhelming." *Id.* at 15-16. Further, the losses amounted to over $110,000.00. *Id.* at 17.

Additionally, the Warden determined that Defendant did not meet the criteria for a reduction in sentence given (1) his instant convictions, (2) two prior BOP convictions for supervised release violation and credit card fraud, (3) prior convictions for felonious criminal conduct 2nd degree (sexually assaulted by force and coercion) and assault and battery (x3), (4) being found guilty by the Discipline Hearing Officer ("DHO") for possessing drugs/alcohol, and (5) being found guilty by the DHO during a prior BOP incarceration for fighting with another person. *See* ECF No. [49-1] at 1. Viewing all of the section 3142(g) factors, the Court finds that Defendant's release would pose a danger to the community. He, therefore, has not met his burden to support a compassionate release.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [47]**, is **DENIED**.

7

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

Kenneth Anders
21834-057
Forrest City Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 3000
Forrest City, AR 72336